**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Martin Oliver Pablo, Sr.,<br>　　　　Defendant.<br>―――――――――――――――――<br>Gila River Indian Community,<br>　　　　Garnishee. | No. CR-12-00811-PHX-DGC<br>**ORDER** |

Defendant has filed a motion for a hearing on a writ garnishment. Doc. 61. The government opposes the motion. Doc. 62. For reasons stated below, the Court will grant the motion and set a hearing for **May 21, 2018 at 4:00 p.m.** before the Honorable David G. Campbell, 401 West Washington Street, Courtroom 603, Phoenix, Arizona 85003.

Pursuant to the judgment in this matter, Defendant must pay restitution in the amount of $824.45. Doc. 42 at 1. On March 23, 2018, the government filed an application for writ of garnishment directed to the Gila River Indian Community ("GRIC"). Three days later, the Clerk issued the writ to GRIC and sent a notice of garnishment to Defendant. Docs. 59, 59-1. The GRIC has failed to answer the writ.

The government seeks to garnish quarterly per capita payments Defendant

receives from the GRIC. Doc. 62 at 5. Defendant filed a claim of exemption from garnishment under 26 U.S.C. § 3334(a)(8). Doc. 61 at 3. That section provides an exemption where the debtor "is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment." Defendant claims that he is subject to a child support judgment entered by a GRIC court, and seeks a hearing on his claim of exemption on this basis. *Id.* at 1.

A judgment debtor may request a hearing within 20 days after receiving notice of the garnishment proceeding. 28 U.S.C. § 3202(d). The court "shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible." *Id.* Unless the judgment is by default, the issues at the hearing are limited to "the probable validity of any claim of exemption" and "compliance with any statutory requirement for the issuance of the postjudgment remedy granted[.]" *Id.*

The government contends courts have discretion to deny a hearing where "the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." Doc. 62 at 4 (citation omitted). But the government does not dispute that Defendant seeks a hearing based on one of the issues specified in § 3202(d) – the probable validity of his claim of exemption under 26 U.S.C. § 3334(a)(8). *See* Doc. 61 at 1-3. Nor has the government shown that the claim is plainly without merit or can be resolved through statutory interpretation. The government notes that child support judgments have priority over writs of garnishment, but this says nothing about whether Defendant, in fact, is subject to such a judgment. Doc. 62 at 4.

The Court finds that a hearing on Defendant's claim of exemption under § 3334(a)(8) is warranted. *See* 28 U.S.C. § 3202(d)(1). To allow sufficient time for victim notification pursuant to 18 U.S.C. § 3771(a)(2), the hearing is set for May 21,

2018 at 4:00 p.m. The government shall endeavor to obtain attendance of a GRIC representative or evidence from the tribe of Defendant's support obligation.

**IT IS ORDERED:**

1. Defendant's motion for a hearing on the writ of garnishment (Doc. 61) is **granted**.

2. A hearing is set for **May 21, 2018 at 4:00 p.m.**

3. The government shall endeavor to obtain attendance of a GRIC representative or evidence from the tribe of Defendant's support obligation.

Dated this 24th day of April, 2018.

_____
David G. Campbell
United States District Judge